## ST. PAUL PARK REFINING CO. LLC, Petitioner

v.

## FEDERAL ENERGY REGULATORY COMMISSION, Respondent

### North Dakota Pipeline Company LLC, Intervenor.

### No. 13–1302.

United States Court of Appeals, District of Columbia Circuit.

Dec. 19, 2014.

Thomas Allen Lorenzen, Frederick George Jauss, Rabeha Shereen Kamaluddin, Ruth Miriam Porter, Marcus William Sisk, Jr., Esquire, Dorsey & Whitney LLP, Washington, DC, for Petitioner.

David Leo Morenoff, Elizabeth Evans Rylander, Robert Harris Solomon, Esquire, Federal Energy Regulatory Commission (FERC) Office of the Solicitor, Washington, DC, for Respondent.

Steven G. Thomson Reed, Glenna Catherine Riley, Steptoe & Johnson LLP, Washington, DC, for Intervenor.

Before: GARLAND, Chief Judge, WILKINS, Circuit Judge, and RANDOLPH, Senior Circuit Judge.

### *JUDGMENT*

This petition for review of a decision of the Federal Energy Regulatory Commission was presented to the Court, and briefed and argued by counsel. The Court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C.Cir. R. 36(b). It is

**ORDERED and ADJUDGED** that the petition be denied.

Petitioners St. Paul Park Refining Co. LLC challenged a 2008 uncontested settlement agreement between shippers and what is now North Dakota Pipeline Company that instituted a seven-year surcharge on shippers to Clearbrook, Minnesota, in order to offset the costs of a pipeline expansion program. Petitioners claimed that the construction of a rail facility upstream of Clearbrook and studies showing that the Bakken Formation oil reservoir was larger than previously estimated constituted changed circumstances requiring modification of the settlement agreement under the Interstate Commerce Act. *See* 49 U.S.C. app. §§ 1(5), 3(1), 15(1) (1988). Upon consideration of the filings, FERC determined that further investigation was unwarranted and dismissed St. Paul Park's complaint.

FERC's determination that the settlement remained just and reasonable was not arbitrary or capricious. *See* 5 U.S.C. § 706(2)(A) (2012). Nor did the agency abuse its discretion by declining to order discovery and a hearing. *See Hi–Tech Furnace Sys., Inc. v. FCC*, 224 F.3d 781, 790 (D.C.Cir.2000).

Petitioners raised arguments before this Court involving the impact of the construction of the Beaver Lodge Loop and the reversal of flow of a portion of the Enbridge Bakken Pipeline. These arguments were not properly raised before FERC and therefore were not considered by this Court. *See ExxonMobil Oil Corp. v. FERC*, 487 F.3d 945, 962 (D.C.Cir.2007).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.